# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

SANDRA HERSHBERGER, et al.

        Plaintiffs,

v.                                        CIVIL ACTION NO.  2:10-cv-00837

ETHICON ENDO-SURGERY, INC., et al.

        Defendants.

### MEMORANDUM OPINION AND ORDER

Pending before the Court are: (1) Plaintiffs' Motion to File a Motion in Limine to Exclude the Testimony of Dr. Jeffrey Brandon [Docket 292]; (2) Plaintiffs' Motion to File Amended Responses to Ethicon's Motions in Limine [Docket 296]; and Defendants' Motion to Strike the Newly-Disclosed Opinions of Dr. Younis [Docket 338].  The full factual background of this case is set out in the Court's February 15, 2012, Memorandum Opinion and Order addressing Defendant Ethicon's motions in limine to exclude various expert witnesses and need not be repeated here. (*See* Docket 334.)

### *I.  MOTIONS TO FILE OUT OF TIME*

The Court has already ruled on the substantive issues underlying the motions to file motions and responses out of time.  In so doing, the Court gave due consideration to the supplemental filings.  Therefore, Plaintiffs' Motion to File a motion in limine regarding Dr. Brandon [Docket 292] and Motion to File Amended Responses to Ethicon's Motions in Limine [Docket 296] are **GRANTED**.

## II. MOTION TO STRIKE OPINION OF DR. MARK YOUNIS

As the parties are aware, on January 19, 2012, the Court held a hearing pursuant to *Daubert v. Merrell Dow Pharmaceuticals* to assess the reliability and helpfulness to the jury of the expert witnesses in this case. (Docket 330.) At the *Daubert* hearing, Plaintiffs' radiology expert, Dr. Mark Younis, rendered an opinion that CT scanners may average density readings and thereby obscure the clarity and accuracy of CT scans. (Docket 337 at 181-82.) Dr. Younis suggested that this "volume averaging" phenomenon may cause formed staples to appear unformed. (*Id.*)

On March 15, 2012, Ethicon filed a Motion to Strike Dr. Younis's opinion relating to "volume averaging" and his conclusion that formed staples may appear unformed due to this phenomenon. (Docket 338.) The basis for the motion is that Dr. Younis never disclosed his opinion related to volume averaging or its ability to make formed staples appear unformed on CT scans. Plaintiffs respond that the objection is untimely and that Ethicon's own experts mentioned volume averaging in their depositions. In an effort to reallocate the burden of disclosure, Plaintiffs also fault Ethicon for not fully inquiring into the range of Dr. Younis's opinions at his deposition. (Docket 339.)

Rule 26 of the Federal Rules of Civil Procedure requires disclosure of expert witnesses along with a written report containing, *inter alia*, "a complete statement of all opinions to be expressed and the basis and reasons therefor." Fed. R. Civ. P. 26(a)(2)(B). This provision is intended to "impose an additional duty to disclose information regarding expert testimony sufficiently in advance of trial that opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." *Id.*, advisory committee's notes to 1993 amends. The time for making such expert disclosures and filing the corresponding reports is

determined by Rule 26(a)(2)(D) or by court order, if one exists. Supplementation of expert reports is permitted, but "[a]ny additions or changes to [the] information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due."[1] Fed. R. Civ. P. 26(e)(2). The parties agree that in this case, Rule 26(a)(3) disclosures were due on July 6, 2011. (Docket 338 at 2; Docket 192-3 at 1-2 & n.1.) To date, Plaintiffs have not attempted to disclose any expert opinion related to the process of "volume averaging" or the manner in which this process may result in misleading CT scan images.

Rule 37 provides the sanction for improperly disclosed expert opinions.[2] Rule 37(c) states relevantly that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed." Fed. R. Civ. P. 37(c). Defendants argue that the failure to timely disclose Dr. Younis's volume averaging opinion was prejudicial to their case. The Court agrees and finds Plaintiffs' untimely disclosure is neither justified nor harmless.

Although expert disclosures were due no later than July 6, 2011, Plaintiffs advanced the volume averaging opinion for the first time at a hearing in January 2012. By the time Defendants

---

[1] It is debatable whether supplementation to include the opinion at issue in this case would even be permissible. *See, e.g.*, *Aveka LLC v. Mizuno Corp.*, 212 F.R.D. 306, 310 (M.D.N.C. 2002) ("[Rule 26(e)] does not cover failures of omission because the expert did an inadequate or incomplete preparation. To construe supplementation to apply whenever a party wants to bolster or submit additional expert opinions would wreak havoc in docket control and amount to unlimited expert opinion preparation.").

[2] The Court is also conscious of the instruction to construe the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Although the latter two goals appear somewhat out of reach in this case, fair administration of discovery is, as always, an important consideration.

were able to reliably identify the new opinion (upon receipt and review of the 215-page hearing transcript on March 9, 2012), the parties and the Court were turning an eye toward trial. Curing Plaintiff's error by re-deposing Dr. Younis and searching for a rebuttal expert would be costly, time consuming, and perhaps impossible for Defendants. Furthermore, the Court is hesitant to condone the non-disclosure of Dr. Younis's opinion by requiring Defendants to engage in these eleventh hour maneuvers. Finally, it is telling that Plaintiffs put forward no excuse for the late disclosure. Instead, they argue that Defendants never asked the right questions of Dr. Younis to learn of his various opinions. Such an argument turns the discovery process on its head, and it will not be tolerated.

For the foregoing reasons, the Court **FINDS** that Plaintiffs violated Rules 26 and 37 of the Federal Rules of Civil Procedure by failing to disclose Dr. Younis's volume averaging opinion. The Court further **FINDS** that the failure is not harmless and therefore **GRANTS** Ethicon's Motion to Strike [Docket 338]. Dr. Younis may not render the opinion at trial, nor may counsel reference the relevant portion of his testimony from the *Daubert* hearing at trial.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to File a motion in limine regarding Dr. Brandon [Docket 292] and Motion to File Amended Responses to Ethicon's Motions in Limine [Docket 296] are **GRANTED**. Ethicon's Motion to Strike the Newly-Disclosed Opinions of Dr. Younis [Docket 338] is also **GRANTED**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: May 7, 2012

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE